FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 2 1 2003 ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                 Plaintiff,

-against-

SCHICK TECHNOLOGIES, INC.,
DAVID B. SCHICK, and
FRED LEVINE,

                 Defendants.

---

Case No. CV-03-5766-CBA (VVP)

## FINAL JUDGMENT ON CONSENT IMPOSING PERMANENT INJUNCTIONS, OTHER EQUITABLE RELIEF AND A CIVIL PENALTY AGAINST DEFENDANT FRED LEVINE

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint on November 14, 2003, and Defendant Fred Levine ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or aiding and abetting the violation of, directly or indirectly, Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §

240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all people in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13] promulgated thereunder, by knowingly providing substantial assistance to any issuer failing to file with the Commission, in accordance with such rules and regulations as the Commission may prescribe:

(a) information and documents (and copies thereof) as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l];

(b) annual reports (and such copies thereof), certified if required by the rules and regulations of the Commission by independent public accountants, and such quarterly reports (and such copies thereof) as the Commission may prescribe; and

(c) further material information as may be necessary to make the required statements made, in the light of the circumstances in which they are made, not misleading, unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all people in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or aiding and abetting the violation of, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. § 240.13b2-1], and aiding and abetting the violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§. 78m(b)(2)(A) and 78m(b)(2)(B)], by, among other things:

(a) falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2) [15 U.S.C. § 78m(b)(2)] of the Exchange Act; and

(b) knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all people in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or aiding and abetting the violation of, Rule 13b2-2 [17 C.F.R. § 240.13b2-2] thereunder by, while an officer or director of an issuer, making or cause to be made a materially false or misleading statement or omission to an accountant in connection with (1) any audit or examination of the financial statements of the issuer required to be made pursuant to Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] or (2) the preparation or filing of any document or report required to be filed with the Commission pursuant to this subpart or otherwise.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited permanently following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $47,500, together with prejudgment interest thereon in the amount of $23,500, for a total of $71,000. Defendant shall make this payment within ten

(10) business days either after entry of this Final Judgment or by June 1, 2005 (whichever date is later) by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Fred Levine as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously send a copy of said letter to Alexander M. Vasilescu, Securities and Exchange Commission, 3 World Financial Center, Room 4300, New York, NY 10281-1022. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a civil penalty in the amount of $179,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall make this payment within ten (10) business days either after entry of this Final Judgment or by June 1, 2005 (whichever date is later) by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter

identifying Fred Levine as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously send a copy of said letter to Alexander M. Vasilescu, Securities and Exchange Commission, 3 World Financial Center, Room 4300, New York, NY 10281-1022. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2005

/s/
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

 -against-         Case No. CV-03-5766-CBA (VVP)

SCHICK TECHNOLOGIES, INC.,
DAVID B. SCHICK, and
FRED LEVINE,

        Defendants.

---

## **CONSENT OF DEFENDANT FRED LEVINE**

1. Defendant Fred Levine ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment On Consent Imposing Permanent Injunctions, Other Equitable Relief and a Civil Penalty Against Defendant Fred Levine in the form attached hereto ("Final Judgment") and incorporated by reference herein, which, among other things:

  (a) permanently restrains and enjoins Defendant and Defendant's agents, servants, employees, attorneys, and all people in active concert or participation with them who receive actual notice of the Final Judgment by personal service or otherwise from violating or aiding and abetting the violations of Sections 10(b) and 13(b)(5) of the Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78m(b)(5)] and Rules

10b-5, 13b2-1 and 13b2-2 promulgated thereunder [17 C.F.R. § 240.10b-5, 240.13b2-1, 240.13b2-2];

(b) permanently restrains and enjoins Defendant and Defendant's agents, servants, employees, attorneys, and all people in active concert or participation with them who receive actual notice of the Final Judgment by personal service or otherwise from aiding and abetting a violation of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), 78m(b)(2)(B)] and Rules 12b-20, 13a-1 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13] pursuant to Section 20(e) of the Exchange Act [15 U.S.C. § 78t(e)];

(c) orders, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], that Defendant is permanently barred from serving as an officer or director of an issuer that has a class of securities registered under Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

(d) orders Defendant to pay disgorgement in the amount of $47,500, plus prejudgment interest thereon in the amount of $23,500, for a total amount of $71,000; and

(e) orders Defendant to pay a civil penalty in the amount of $179,000 under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3. Defendant agrees that he shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant

of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to

be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations (including, but not limited to, the Defendant's deposition testimony in this litigation or any interview by the Commission Staff of the Defendant in connection with this litigation); or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: **April 22**, 2005

*Fred Levine* (signature)
Fred Levine

On **April 22**, 2005, **FRED LEVINE**, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

PERRY D. KRINSKY
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02KR6101590
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES NOVEMBER 17, 20_07_

Approved as to form:

_____
Michael S. Ross (MSR-3626)
Law Offices of Michael S. Ross
315 Park Ave. South, 19th Floor
New York, NY 10010
Tel: (212) 505-4060

*Attorney for Defendant Fred Levine*

12